UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| JOHNNIE C. COLLINS | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:11-CR-58-TLS |
| | ) | (1:13-CV-325) |
| UNITED STATES OF AMERICA | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Defendant's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 88], filed on November 12, 2013; along with the Defendant's Motion to Amend or Supplement the Pending 28 U.S.C. § 2255 Motion [ECF No. 97], filed on August 15, 2014. For the reasons set forth in this Opinion and Order, the Defendant's Motions are denied.

**BACKGROUND**

On August 24, 2011, a federal grand jury returned a sealed two-count Indictment [ECF No. 1] charging the Defendant with knowingly and intentionally possessing with the intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 1); and knowingly and intentionally possessing with the intent to distribute cocaine, also in violation of 21 U.S.C. § 841(a)(1) (Count 2). The Defendant was arrested on August 29, 2011 [ECF No. 10], and arraigned on September 13, 2011 [ECF No. 16], at which time he pled not guilty to both counts of the Indictment.

On September 29, 2011, the Defendant—who was represented by attorney Donald C. Swanson, Jr.— filed a Motion to Suppress [ECF No. 19] regarding the following seized evidence: crack cocaine, powder cocaine, $340 in United States currency, and a $20 counterfeit

bill. The Defendant sought to suppress the above evidence on the principal ground that it was obtained through excessive use of force. On November 18, 2011, the Court conducted an evidentiary hearing; and on May 4, 2012, the Court issued an Opinion and Order [ECF No. 33] denying the Defendant's Motion to Suppress.

On May 24, 2012, the Defendant and the Government filed a Plea Agreement [ECF No. 37] in which the Defendant agreed to plead guilty to Count 1 of the Indictment. (Plea Agr. ¶ 8(a).) The Plea Agreement contained the following waiver:

> I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed, I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this Plea Agreement; with this understanding and in consideration of the government's entry into this Plea Agreement, I expressly waive my right to appeal (*except as provided in paragraph 6 of this Plea Agreement*) or to contest my conviction and my sentence and any restitution order imposed or the manner in which my conviction or my sentence or the restitution order was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.)

(*Id*. at ¶ 8(e).)[1]

On June 8, 2012, the United States Magistrate Judge conducted a change of plea hearing, at which the Defendant, pursuant to the Plea Agreement, pled guilty to Count 1 of the Indictment. [ECF No. 40.] Prior to accepting the Defendant's plea, the Court took the Defendant's oath and made a detailed inquiry into his competence to plead, the voluntariness of his plea, and his

---

[1]Paragraph 6 of the Plea Agreement expressly preserves the Defendant's right to challenge the Court's Opinion and Order denying his motion to suppress.

understanding regarding specific terms of the Plea Agreement. The Court found that the Defendant was fully competent and capable of entering an informed plea, that the Defendant was aware of the charges and the consequences of the plea, and that the plea of guilty was knowing and voluntary, and supported by an independent basis in fact containing each of the essential elements of the offense. The Court specifically inquired regarding (1) the Defendant's waiver of his right to appeal (except for the Court's denial of his motion to suppress) his conviction, sentence, and any restitution order imposed or the manner in which his conviction, sentence, or restitution order was determined or imposed; and (2) his waiver of his right to collaterally attack through a habeas corpus petition his conviction, sentence, or restitution order and the manner by which his conviction, sentence, or restitution order was imposed. During the hearing colloquy, the Defendant affirmed his understanding of all terms contained within the Plea Agreement. On June 8, 2012, the Magistrate Judge issued a Report and Recommendation [ECF No. 41], in which he recommended that the Court accept the Defendant's plea of guilty and that the Defendant be adjudged guilty of the offense charged in Count 1 of the Indictment. On June 26, 2012, the Court accepted the plea and adjudged the Defendant guilty of the offense [ECF No. 42]; and on October 4, 2012, the Court sentenced the Defendant to 70 months imprisonment for Count 1 [ECF No. 61].[2]

On October 9, 2012, the Defendant filed a notice of appeal [ECF No. 62] to the United States Court of Appeals for the Seventh Circuit, challenging this Court's denial of his Motion to Suppress. Attorney Swanson continued to represent the Defendant on appeal. On May 10, 2013,

---

[2]The Court notes that on September 24, 2015, the Court issued an Order granting the Defendant's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2) [ECF No. 111]. Pursuant to the Court's Order, the Defendant's previously imposed sentence of imprisonment of 70 months was reduced to 60 months.

the Court of Appeals issued an opinion and order [ECF No. 84] affirming the judgment of this Court.

On November 12, 2013, the Defendant filed a pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 88] and a Memorandum in Support of the Motion [ECF No. 89]. The Government filed a Response [ECF No. 94 ] on January 27, 2014; and the Defendant filed a Reply [ECF No. 95] on February 18, 2014. On August 15, 2014, the Defendant also filed a Motion to Amend or Supplement the Pending 28 U.S.C. § 2255 Motion [ECF No. 97]. The Government filed a Response [ECF No. 98] on August 18, 2014; and the Defendant filed a Reply [ECF No. 101] on September 8, 2014. The Defendant's motions are now fully briefed and ripe for ruling.

## DISCUSSION

A court may grant relief from a federal conviction or sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007) (citing *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006)). "[R]elief is appropriate only for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004)

(internal quotation marks and citation omitted).

**A.    Waiver Provision**

At the outset, the waiver provision in the Defendant's Plea Agreement presents a formidable barrier to relief under 28 U.S.C. § 2255.

A plea agreement is a type of contract subject to contract law principles tempered by limits that the Constitution places on the criminal process. *See United States v. Bownes*, 405 F.3d 634, 636 (7th Cir. 2005). Courts "enforce a plea agreement's appellate waiver if its terms are clear and unambiguous and the record shows that the defendant knowingly and voluntarily entered into the agreement." *United States v. Linder*, 530 F.3d 556, 561 (7th Cir. 2008) (quotation marks and citation omitted). "A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as a part of his plea agreement." *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011) (citing *Jones v. United States*, 167 F.3d 1142, 1144 (7th Cir. 1999)). The Seventh Circuit has "generally upheld and enforced these waivers, with limited exceptions for cases in which the plea agreement was involuntary, the district court 'relied on a constitutionally impermissible factor (such as race)', the 'sentence exceeded the statutory maximum,' or the defendant claims 'ineffective assistance of counsel in connection with the negotiation of [the plea] agreement.'" *Keller*, 657 F.3d at 681 (quoting *Jones*, 167 F.3d at 114445); *see also Dowell v. United States*, 694 F.3d 898, 902 (7th Cir. 2012).

Here, the Defendant's Plea Agreement waives the right to appeal anything other than the Court's denial of his motion to suppress, and also waives the right to collaterally attack the conviction and sentence, "including but not limited to, a proceeding under Title 28, United States

5

Code, Section 2255." The Defendant declared throughout his Plea Agreement that he understood his rights and the various waivers contained in the Plea Agreement. (*See, e.g.* ¶ 12 ("I declare that I offer my plea of guilty freely and voluntarily and of my own accord," and that "no promises have been made to me other than those contained in this agreement, nor have I been threatened in any way by anyone to cause me to plead guilty in accordance with this agreement.").) Further, at his change of plea hearing, the Defendant stated that he understood the terms of the Plea Agreement. This statement is strongly presumed to be true. *United States v. Ellison*, 835 F.2d 687, 693 (7th Cir. 1987); *see also Key v. United States*, 806 F.2d 133, 136 (7th Cir. 1986) (stating that "the representations of the defendant [at a plea hearing] as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceeding.")

Nonetheless, the Defendant contends that the waiver provision is unenforceable because of ineffective assistance of counsel. *Hurlow v. United States*, 726 F.3d 958, 964-65 (7th Cir. 2013); *see also United States v. Hare*, 269 F.3d 859, 860 (7th Cir. 2001) ("A waiver of appeal is valid, and must be enforced, unless the agreement in which it is contained is annulled (for example, because involuntary)." (citations omitted)). The Defendant specifically claims that his attorney "failed to come to the jail and discuss a possible defense strategy with him, and that counsel ignored meritorious issues, facts, and suggestions"—namely, the Defendant's contention that probable cause was lacking for the initial traffic stop because the arresting officer failed to charge him for a traffic violation. (Def. Br. 6.) According to the Defendant, he raised this issue with his attorney, but his attorney "changed defense strategy without consulting with him." (*Id.* at 8 (internal quotation marks omitted).) Instead, his attorney raised a Fourth Amendment argument

6

for excessive use of force, which the Defendant deems to be "frivolous." (*Id.* at 17.)

As the Government correctly notes, to the extent the alleged deficiency is counsel's failure to properly consult the Defendant regarding defense strategy or raise certain issues at the motion to suppress hearing or on appeal—as opposed to a deficiency in connection with the Plea Agreement negotiations—the Defendant's ineffective assistance of counsel claims are barred by the waiver provision of the Plea Agreement. *See* Plea Ag. ¶¶ 6, 8(e); *see also Bridgeman v. United States*, 229 F.3d 589, 593 (7th Cir. 2000) (stating that ineffective assistance of counsel claims that relate to anything other than plea negotiation, for example, those related to counsel's performance at sentencing, are barred by an enforceable waiver). But notwithstanding, the Court will analyze the Defendant's claims below.

1. *Ineffective Assistance of Counsel*

To establish ineffective assistance of counsel, the defendant must satisfy a two-prong standard. *Strickland v. Washington*, 466 U.S. 668 (1984). First, a defendant must demonstrate that his attorney's representation was "deficient" because it "fell below an objective standard of reasonableness." *Id*. at 687–88. Second, a defendant must show that this deficient performance prejudiced his defense. *Id.* at 694. Prejudice is demonstrated by a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

> A court considering a claim of ineffective assistance must apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance. The challenger's burden is to show that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment.

*Harrington v. Richter*, 131 S.Ct. 770, 787 (2011) (internal quotation marks and citations omitted); *see also Yu Tian Li v. United States*, 648 F.3d 524, 527–28 (7th Cir. 2011) ("To reflect the wide range of competent legal strategies and to avoid the pitfalls of review in hindsight, [a court's] review of an attorney's performance is highly deferential and reflects a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.") (citing *Strickland*, 466 U.S. at 689).

Here, the crux of the Defendant's claim is that his attorney failed to present the Defendant's theory regarding the initial traffic stop (i.e., probable cause was lacking because the arresting officer failed to charge the Defendant with a traffic violation). But contrary to the Defendant's contention, "[a]n arrest may be perfectly reasonable even if the police officer ultimately does not charge the suspect for the offense giving rise to the officer's probable cause determination." *United States v. Burks*, 490 F.3d 563, 565 (7th Cir. 2007) (quoting United *States v. Woody*, 55 F.3d 1257, 1268 (7th Cir. 1999)); *see also Whren v. United States*, 517 U.S. 806, 810 (1996) ("the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred."). As such, the Court, as the finder of fact, previously determined in its Opinion and Order denying the motion to suppress that the arresting officer "used his radar gun to clock [the Defendant's vehicle traveling] at 48 miles per hour in a 35 miles per hour zone" (Opinion and Order 3), and therefore, probable cause was established for the initial traffic stop. (*Id.* at 7 (citing *Whren*, 517 U.S. at 810 ).) Because the Court found the traffic stop to be reasonable in light of the arresting officer's observations, the facts and circumstances surrounding the traffic citation bear no constitutional relevance here; and thus, the

Defendant's attorney was not deficient for failing to raise or investigate the issue.[3] *See Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996) ("Failure to raise a losing argument, whether at trial or on appeal, does not constitute ineffective assistance of counsel.") (citation omitted); *see also Strickland*, 466 U.S. at 691 ("In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.").

In a related argument, the Defendant also alleges that his attorney was deficient because he raised a frivolous issue on appeal (i.e., the arresting officers' unlawful force required suppression of the evidence seized). When analyzing such a claim, a court must "compare the issue not raised in relation to the issues that were raised; if the issue that was not raised is 'both obvious and clearly stronger' than the issues raised, the appellate counsel's failure to raise the neglected issue is objectively deficient." *Sanders v. Cotton*, 398 F.3d 572, 585 (7th Cir. 2005) (quoting *Lee v. Davis*, 528 F.3d 896, 900–01 (7th Cir. 2003)). But here, the only "neglected issue" the Defendant points to relates to his traffic citation argument (which is meritless). Absent

---

[3]The Court notes that during the suppression hearing, the Defendant's attorney posed several questions to the arresting officer regarding the traffic citation:

> [Defense Counsel:] Did you issue [the Defendant] a traffic citation for speeding? [Arresting Officer:] Yes, sir. [Defense Counsel:] Did you give it to him at any point in time? [Arresting Officer: The Defendant] was taken to Lock Up and it was put in with all the paperwork with the probable cause affidavit for the arrest. It was given to the Allen County Prosecutor's Office. [Defense Counsel:] All right. But the speeding ticket itself was never processed as a case against [the Defendant]? [Arresting Officer:] It was processed in with all the other paperwork that he was arrested for. [Defense Counsel:] But he never went to court on the speeding ticket? [Arresting Officer] I don't have any idea if he did or not.

(ECF No. 29 at 22.)

9

a showing that his attorney failed to raise an issue that is "both obvious and clearly stronger" than the issue raised on appeal, the Defendant cannot establish deficient representation.[4]

Accordingly, because the Defendant has failed to put forth objective evidence to counteract the strong presumption of reasonable professional assistance and show that he suffered prejudice to his defense as a result of his attorney's representation, the Defendant has not established an ineffective assistance of counsel claim under *Strickland*.

**B.     Plea Hearing**

In his Motion to Amend or Supplement the Pending 28 U.S.C. § 2255 Motion [ECF No. 97], the Defendant seeks to amend his § 2255 Motion [ECF No. 88] to also include the following argument: the Defendant is entitled to withdraw his guilty plea because the United States Magistrate Judge accepted his guilty plea in violation of the Federal Magistrate Act, 28 U.S.C. § 636. While the Defendant is correct that, in this Circuit, a United States Magistrate Judge is not permitted to accept a felony guilty plea, *see United States v. Harden*, 758 F.3d 886, 888 (7th Cir. 2014), a Magistrate Judge is permitted, pursuant to Federal Rule of Criminal Procedure 11(b), to conduct a colloquy for the purpose of making a report and recommendation. *Id.* at 891 ("There is widespread agreement that a magistrate judge may conduct a Rule 11(b) colloquy for the purpose

---

[4]The Defendant also claims that his attorney was deficient because he failed to properly consult the Defendant regarding the defense strategy. Again, this argument appears to stem from his dissatisfaction with his attorney's decision not to raise the traffic citation issue. Nonetheless, the Plaintiff's allegation is contradicted by the Defendant's submitted materials, which includes a letter written by Attorney Swanson to the Defendant informing him in general terms of the defense strategy (claim of excessive force) for the motion to suppress. [ECF No. 89 at 32–33.] Moreover, the Defendant has failed to show that he was prejudiced by his attorney's actions. *See Strickland*, 466 U.S. at 694 (prejudice is demonstrated by a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.").

of making a report and recommendation."). At the Defendant's change of plea hearing on June 8, 2012, the Magistrate Judge did not accept the Defendant's guilty plea, but instead, conducted a Rule 11(b) colloquy for the purpose of making a report and recommendation. The Defendant's guilty plea was then accepted by this Court on June 26, 2012. Because the Magistrate Judge engaged in a permissible practice by conducting a Rule 11(b) colloquy and then issuing a report and recommendation as to the acceptance or rejection of the Defendant's guilty plea, the Defendant's argument lacks merit.[5] Accordingly, his Motion to Amend or Supplement is denied.

**C.     Evidentiary Hearing Request**

Lastly, the Defendant has requested that the Court conduct an evidentiary hearing to develop the record regarding the claims he presents. A court may deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court finds that the Defendant's Motions along with the files and records of this case conclusively show that the Defendant is entitled to no relief. Consequently, an evidentiary hearing is not warranted, and the Court denies his request.

---

[5]In his Reply brief, the Defendant appears to modify his argument, claiming that this Court "abused its discretion by approving and adopting [the Magistrate Judge's] Report and Recommendation . . . by not calling [the Defendant] back into federal court to accept his guilty plea in open court." (Reply Br. 2.) The Defendant cites to Rule 11(b)(1), which provides the following:

> Before the court accepts a plea of guilty or nolo contendere, the defendant may be placed under oath, and the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands [15 enumerated items].

But again, this language relates to the Rule 11(b) colloquy, which a Magistrate Judge is permitted to undertake in place of a United States District Court Judge. *See Harden*, 758 F.3d at 891.

## CONCLUSION

For the reasons stated above, the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 88] and Motion to Amend or Supplement the Pending 28 U.S.C. § 2255 Motion [ECF No. 97] are DENIED.

SO ORDERED on October 21, 2015.

                                             s/ Theresa L. Springmann
                                             THERESA L. SPRINGMANN
                                             UNITED STATES DISTRICT COURT